NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JUNE, 1876.

## MATTER OF PIKE.

### *In the matter of the Estate of* NOAH F. PIKE, *deceased.*

Where the same persons are made both executors and trustees under the same will, such of them as decline to unite in the inventory and do not act as executors, are not entitled to executor's commissions, though they duly qualified, but they are entitled, on serving as trustees, to commissions on the sum which comes to their hands as such, and also on the income. *

Where there are more than three co-executors, administrators or trustees, entitled to commissions under the Acts of 1863 and 1866, the Surrogate cannot apportion the commissions according to their respective services, but must divide them equally.

The will appointed four persons executors and testamentary trustees, and one qualified, as executor, and took sole charge of the estate. The others afterward qualified, but did not act. On the final and last accounting of the acting executor, the fund passing to the four trustees was over $100,000.

   *Held,* 1. That only the acting executor was entitled to executor's commissions.

   2. That all the four were entitled to commissions as trustees.

   3. That the total commissions of the trustees were a sum equal to three executors' commissions, and were to be divided equally between the four.

THIS was a proceeding for a settlement of accounts in the matter of the estate of Noah T. Pike, deceased.

The question submitted for determination was as to the mode of allowing commissions to the four trustees named in the will, who were also appointed executors therein.

One executor, Dwight H. Olmstead, qualified, and took charge of the estate, for over a year before the other three executors qualified; and after the latter had qualified, the estate remained substantially under the care, control, and management of Mr. Olmstead, who in October, 1874, on a petition filed for that purpose,

---

* Compare *Cram v. Cram, ante,* p. 244.

had an accounting, in which the other executors declined to join, for the reason that they did not desire to be bound for the acts of Mr. Olmstead, who had the entire charge.

On the accounting, Mr. Olmstead was allowed one commission on the account and distribution of a portion of the estate, pursuant to the decree entered, when such accounting was had, leaving a balance of over $180,000 which went into the hands of the four trustees as such, under the will.

A final account was afterwards rendered and the accounts duly passed, leaving nothing to be determined except the question of commissions.

TRACY, OLMSTEAD & TRACY, *for the Executors.*

W. H. ARNOUX, *for Legatees.*

CHAUNCEY SHAFFER, *for Contestants.*

THE SURROGATE.— On the argument there seems to have been some confusion, in the minds of the trustees, as to their respective rights, and also as to the mode of computing commissions on the body of the estate, and on the income thereof.

On the one side it was assumed that the two commissions not allowed to Mr. Olmstead were divisible between the other three executors; and that as to the commissions of the trustees, as such, Mr. Olmstead should be excluded because of his receipt of full commissions on his accounting as executor; while on the other hand it was contended that there could be no further allowance to the other executors for commissions as such, but the commissions must be equally divided between the four trustees as such, so far as the principal sum was concerned; but that as to the income, there was a discretion to allow such commissions as should be equitable, to the respective trustees.

As the other three executors took no part in the inventory of the estate, and rendered no account, and in fact received and paid out nothing as such excutors, there is no authority for, or justice in, allowing them commissions, on the accounting by the executor Dwight H. Olmstead, but as trustees they are entitled to commissions on the sum which came to their hands as such, and upon the income also.

By chapter 115, of the laws of 1866, sec. 1, it is provided that the trustees shall be allowed the same compensation for their services, by way of commission, as are allowed by law to executors and administrators, and that if there be more than one trustee and the estate be insufficient to give full commissions to each, the Surrogate shall apportion such allowance among them, according to the services rendered respectively : but that Act refers to estates amounting to less than $100,000, so far as the apportionment is concerned.

By chapter 362, of the laws of 1863, section 8, it is provided that if the estate shall amount to not less than $100,000, over and above all debts, &c., and there shall be more than one executor or administrator, each and every of such executors or administrators shall be entitled to, and allowed the full amount of compensation that he would have been entitled to if he had been sole executor, or administrator, provided such compensation should not exceed the amount payable to three executors, or administrators ; and if there are more than three, what would belong to three shall be divided among all in equal shares.

It will be seen that trustees, by the Act of 1866, are placed upon the same footing as executors and administrators, and by the Act of 1863 there is no authority to apportion the compensation to the respective executors and administrators, where there are more than

three, according to the services rendered by them respectively, in cases where the amount of the estate is $100,000 or upwards, but the latter Act requires the compensation to be divided among them in *equal shares.*

Under these statutes, I hold that the four trustees in this matter are entitled in equal proportion to the amount of three commissions on the amount of the estate coming into their hands as trustees.

Decree accordingly.